UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALIYA NILES,<br><br>                           Plaintiff,<br><br>-against-<br><br>NEW YORK CITY HUMAN RESOURCES ADMINISTRATION,<br><br>                           Defendant. | 1:22-CV-8214 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Aliya Niles, of Brooklyn, Kings County, New York, brings this *pro se* action under Title I of the Americans with Disabilities Act of 1990 ("ADA") against her former employer, the New York City Human Resources Administration ("HRA"). For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

A civil action may be brought under Title I of the ADA:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3) (venue provision for claims brought under Title VII of the Civil Rights Act of 1964 ("Title VII")); *see* 42 U.S.C. § 12117 (incorporating by reference, among other things, Title VII's venue provision for claims brought under Title I of the ADA).

Plaintiff alleges that the HRA discriminated against her, including when it terminated her employment, while she was working at an HRA office in Long Island City, Queens County, New York. Thus, it appears that the alleged unlawful employment practice(s) took place at that office, and that she would have continued to work at that office but for the alleged unlawful employment practice(s). Plaintiff does not allege where relevant employment records are maintained or administered.

Under the relevant venue provision, this court, and every other federal district court within the State of New York, are proper venues for this action. *See* § 2000e-5(f)(3). Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate here. A significant portion of the underlying alleged events appear to have occurred in Queens County, in the Eastern District of New York, *see* 28 U.S.C. § 112(c), where Plaintiff asserts that she was employed by the HRA

2

before she was terminated, and it is reasonable to expect that relevant documents and witnesses would also be located in that judicial district. Thus, the Eastern District of New York appears to be a more appropriate forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 11, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge